■ In the Matter of JAMES McLOUGHLIN, Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [748 NYS2d 494] —Determination of respondent Department of Motor Vehicles Appeals Board, dated July 12, 2001, which to the extent challenged, after a hearing, affirmed a prior finding that petitioner had failed to yield the right-of-way to an emergency vehicle in violation of Vehicle and Traffic Law § 1144 (a) and reinstated the order suspending petitioner's driver's license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Alan Saks, J.], entered December 13, 2001), dismissed, without costs.

Substantial evidence (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 231-232), including the testimony of the arresting officer, that while the officer was operating a marked police vehicle with flashing lights and siren on, petitioner, who was operating a motorcycle, failed to yield the right-of-way, supports respondents' finding that petitioner violated Vehicle and Traffic Law § 1144 (a). While petitioner's testimony conflicted with that of the officer, the determination of respondent Appeals Board to credit the officer's account is one to which we are bound to defer (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Finally, while the hearing transcript indicates that portions of the tape recording of the hearing were inaudible, the record is nonetheless sufficient to allow meaningful review pursuant to CPLR article 78 (*see Matter of Kalid v Farrell*, 284 AD2d 603). Concur—Tom, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.